UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | NO. 3:02CR72 (AWT) |
| JERKENO WALLACE | : | JULY 19, 2006 |

**MEMORANDUM IN SUPPORT OF RESENTENCING
BY THE DEFENDANT, JERKENO WALLACE**

**I.   BACKGROUND**

The defendant, Jerkeno Wallace was sentenced after trial to a term of life imprisonment and a consecutive sentence of 120 months. At the time of the sentencing, this Court applied the guidelines which were then held to be mandatory and sentenced Mr. Wallace to terms within the applicable guideline ranges. The Court recognized its discretion to depart downward but chose not to do so. The defendant appealed his conviction as well as the sentence to the Second Circuit Court of Appeals. That Court affirmed the conviction but remanded "the sentences of [Mr. Wallace] for proceedings consistent with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005)" United States v. Wallace, 447 F.3d 184 (2d Cir. 2006). Based upon Crosby, supra, the Second Circuit was advising the trial court to determine if it would have imposed a non-trivially different sentence than that which it had imposed if the guidelines were not mandatory but merely advisory. Id; United States v. Booker, 543 U. S. 220 (2005).

At the time of sentencing, this Court did follow the guidelines, rejected

arguments for departure, and calculated the guidelines in a way which are not now at issue before this Court.  Thus, on count one which charges the defendant with Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base, the Court cross-referenced that guideline to the Murder guideline and imposed a sentence of life imprisonment.  As to count five where the defendant was charged with Possession with Intent to Distribute and Distribution of Cocaine, the Court imposed a sentence of 240 months.  As to count eleven which charged the defendant with Conspiracy to Use a Firearm During a Drug Trafficking Offense and During in Relation to a Crime of Violence, the Court also imposed a sentence of 240 months.  On count twelve which charged the defendant with a Drive-by Shooting, Murder and Aiding and Abetting the Murder, the Court imposed an additional sentence of life imprisonment but ordered that that sentence and all the ones previously referred to were to be served concurrently.  The Court then combined counts thirteen and fourteen, which charged the defendant with Using a Firearm During and in Relation to a Drug Trafficking Offense, with a sentence of 120 months imprisonment to be served consecutively to the other concurrently running sentences.  The defendant's total sentence of imprisonment was life plus 120 months.  Counts thirteen and fourteen were combined in arriving at the 120 month consecutive sentence of imprisonment.  The Court of Appeals, however, construed those two counts to constitute one unit of prosecution and remanded for this Court to exercise its discretion to vacate one of

-2-

those two counts.

If the Court were not bound by mandatory guidelines, the range of sentences which this Court could have imposed would allow for substantially different sentences on all but count thirteen. For example, as to count one, for which the defendant received life imprisonment, a sentence recommended by the guidelines, the minimum sentence which this Court could have imposed was a statutory term of ten years, and not life. 21 U. S. C. §§841(a)(1), 841(b)(1)(A)(iii). As to count five, in which the defendant was charged with Distributing Cocaine Base, the maximum penalty is 20 years, the sentence which this Court imposed. As to count eleven, the count charging Mr. Wallace with Conspiracy to Use a Firearm During a Drug Trafficking Offense, there is no statutory minimum, and the Court imposed the statutory maximum of 20 years. As to count twelve for which the Court imposed a term of life imprisonment, the statute obviously permits such a term but also allows a sentence for "any term of years". 18 U. S. C. §§36(b)(2)(A), 1111(a)(2). Thus, were it not for the guidelines, the sentence on this count also could have been a sentence of 20 years running concurrently with the previous counts. Finally, as to the count charging the defendant with Using a Firearm in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. §924(c)(1)(A)(iii) & (j)(1), the Court, admittedly, was compelled to give a sentence of 120 months to run consecutively with the previous counts.

Thus, the sentence which this Court could have imposed and, as the defendant

maintains, should have been imposed on an advisory sentencing scheme is a maximum of 20 years on all but counts thirteen and fourteen, and a consecutive sentence of 10 years on whichever of those two counts is not eliminated.

II. **UNDER AN ADVISORY SENTENCING SCHEME UTILIZING THE GUIDELINES AS ONLY ONE FACTOR, THIS COURT SHOULD IMPOSE A SIGNIFICANTLY LOWER SENTENCE BASED UPON THE CRITERIA LISTED IN 18 U.S.C. §3553(a).**

The process of determining the appropriate sentence under the sentencing statute is set out in Crosby, supra. The Court is requested to first compute the guidelines, which has already been done, and then proceed to the other statutory factors. Crosby, supra. Although this process has been condoned and approved by the Court of Appeals, it would seem to somewhat fly in the face of the Supreme Court's decision in Booker and Fanfan. Thus, the Supreme Court had said "without the 'mandatory' provision, the act nonetheless requires judges to take account of the guidelines together with other sentencing goals. Booker, 543 U.S. at 259. The sentencing courts must do no more than "consult those guidelines and take them into account when sentencing". Id at 264. This Court should not presume that the guidelines create a presumptive sentence. United States v. Zavala, 443 F.3d 1165 (9th Cir. 2006).

Assuming the Court has reviewed the guideline computations which are now not in dispute, it will now look at those guidelines as only one of a multitude of factors and perhaps a starting point for its analysis of the facts in relation to the sentencing

statute. United States v. Zavala, id; 18 U.S.C. §3553(a). At the original sentencing of this defendant, the Court stated on the record that it had considered all the factors of §3553(a), but doing so under a mandatory scheme is not the same as giving them the appropriate weight that they must have under an advisory scheme. The defendant will comment on certain statutory factors and the extent they seem to call for a considerably lower sentence than that previously imposed.

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant. 18 U.S.C. §3553(a)(1)

The Court knows from the trial of this case, the pre-sentence report, the submissions of both defendants, and the sentencing transcript, that defendant, Wallace, unlike the college-educated Negus Thomas, has an IQ of 60. *PSR*. He had nothing more than a ninth grade education and almost no work record. Id. He was abandoned by his mother at age thirteen and placed in the custody of his grandmother. Id. Additionally, the defendant's criminal history was minimal; and he had never been convicted or charged with any acts of violence directed towards people. It would also appear from the pre-sentence report that he had never had the benefit of counseling and was diagnosed because of various actions of his earlier years with "poor internal controls". *PSR at 86*. Presumably, these facts are ones which the Court considered and still declined to exercise a downward departure at the time of sentencing. But at least one court has observed that factors which may not justify a downward departure, such as extraordinary family circumstances, may still be

-5-

sufficient as part of the "history and characteristics of the defendant under §3553(a)(1) for a variance from the guideline sentence.  United States v. Menyweather, 431 F.3d 692 (9th Cir. 2005).

    **B.**    **Protect the Public from Further Crimes of the Defendant, 18 U.S.C. §3553(a)(2)(c)**

Obviously, the crime of Murder is one from which the public must receive the utmost protection.  On the other hand, the circumstances of this case, which are well known to the Court, make it a somewhat atypical homicide.  As stated many times, the defendant had a loaded weapon pointed close to his face as well at as his beloved pet dog.  He was induced by exhortations of Thomas to drive with him in the direction of the men who had just assaulted and threatened both of them.  Obviously, for anyone there was not a great deal of time to contemplate and formulate a plan, but Wallace must have acted under the heat of passion at the time.  Thus, the need to protect the public from circumstances unlikely to occur again in Wallace's lifetime, if he were granted a lesser sentence, can be accomplished without placing him behind bars for the rest of his life.

    **C.**    **The Court Should also Consider in Imposing Sentence the Need to Provide Mr. Wallace "with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner", 18 U.S.C. §3553(a)(2)(D).**

Without any vocational experience and a limited education, obviously the defendant would benefit from what the Bureau of Prisons can hopefully provide to him

in every area including psychological counseling. On the other hand, those statutorily mandated goals can be accomplished with a sentence of 10 or 20 years and not necessarily with a sentence of life. In a sense, there is absolutely no need to provide that kind of training or care if a defendant is simply being warehoused for the remainder of his life. This provision of the sentencing statute only makes sense if there is an intent that the defendant be released to the community at some point in the future.

> D.  **"The Need to Avoid Unwarranted and Sentence Disparities Among Defendants with Similar Records who have been Found Guilty of <u>Similar Conduct</u> [emphasis added], 18 U.S.C. §3553(a)(6).**

Mr. Wallace and Mr. Thomas received identical sentences which require they serve sentences of life plus 120 months. In no way can it be said that these two defendants, however, have similar records or engaged in "similar conduct". At sentencing, this Court opined that it was not convinced that Mr. Wallace was the driver and not the shooter. The Second Circuit, however, presumably reviewed the entire transcripts and briefs, unequivocally stated that "Thomas fired several shots into the other car". <u>United States v. Wallace</u>, supra 1t 186. As has already been noted, these two individuals did not have "similar records". In total contradistinction to Mr. Wallace, Thomas was a high school graduate with some college education. Additionally, this Court found that Thomas was a leader and that he obstructed justice. These are factors which the Court did not find applicable to Mr. Wallace. There simply can be no

denial that the two defendants had quite <u>dissimilar</u> conduct as to this case and in their "records" and yet, in what could be considered a disregard of this section of the sentencing statute, so far have ended up with similar sentences. This Court should correct the disparity and sentence Mr. Wallace to a considerably lower sentence than that imposed on Mr. Thomas.

**CONCLUSION**

    For all of the above reasons, this Court should find that had the guidelines been merely advisory, it would probably have sentenced Mr. Wallace to a materially different sentence. Additionally, this Court should schedule a resentencing for this defendant.

                                      Respectfully submitted,

                                      DEFENDANT, JERKENO WALLACE

                                      By:_____
                                          Richard S. Cramer
                                          449 Silas Deane Highway
                                          Wethersfield, CT 06109
                                          Tel. (860) 257-3500
                                          Federal Bar No. ct00016
                                          Email: cramer@snet.net

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed postage prepaid this 19th day of July 2006 to:

Michael J. Gustafson
Assistant U. S. Attorney
P.O. Box 1824
New Haven, CT 06508

David J. Wenc, Esq.
P.O. Box 306
Windsor Locks, CT 06096

                                                     _____
                                                      Richard S. Cramer